UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HERMES JUNIOR V.A.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-5213-TLN-JDP

A# 241-829-865

**RELEASE ORDER**

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 9.) Respondents have filed objections to the findings and recommendations. (ECF No. 10.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Respondents' objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Respondents object to Petitioner's immediate release, arguing that Petitioner is entitled to seek a hearing before an immigration judge, but he is not entitled to release.  (ECF No. 10.)  As this Court has said numerous times, it will not give the government a free pass to deny Petitioner his statutory and constitutional rights first and comply with the law later, only after Petitioner is forced to seek judicial relief.  The appropriate remedy in this case is not to bring the government into conformity with its governing statutes; it is to release Petitioner from unlawful custody.  *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release."); *Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *3 (E.D. Cal. Apr. 16, 2026) (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025)) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D.W. Va. Feb. 4, 2026) (ordering release and rejecting the Government's argument that a bond hearing is the appropriate remedy).

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendations filed July 27, 2026 (ECF No. 9) are ADOPTED in full;

2.      The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

3.      Respondents are ordered to IMMEDIATELY RELEASE Petitioner (A# 241-829-865) from their custody on the same conditions as his prior release.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation hearing;

4.      Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation

hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

5.    The Clerk of Court is directed to serve this Order on **California City Detention Facility**; and

6.    The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 5, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3